# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | Case No. 2:07-CR-00135-KJD-LRL |
| v. | **ORDER** |
| DEBORAH MARTINEZ SELDON, | |
|     Defendant. | |

Currently before the Court is Defendant Deborah Martinez Seldon's Motion to Stay Order and for Alternative Relief (#325). Defendant has also filed Letters (#324) and an Addendum (#326) to the Motion, and the Government has filed a Response in Opposition (#327). The Court has considered the Motion, Letters, Addendum, Response and the entire record in this case and for the reasons stated herein, denies Defendant's Motion to Stay Order.

On August 20, 2010, the Court issued an Order (#321) Granting the Government's Motion for Immediate Remand to Custody (#317), ordering that both Defendant Deborah Martinez Seldon, and Stephen Lee Seldon be remanded to custody to serve the remainder of their original sentences, and requiring Defendants to self surrender within 21 days of the issuance of the Order.

As stated above, Defendant Deborah Martinez Seldon subsequently filed the immediate Motion and related materials, requesting that the Court stay her sentence. Specifically, Defendant's Motion requests that the Court allow her to serve a probationary sentence which would permit her to

continue to care for her children. The Court is sympathetic to the Defendant's concern for her children and her representation that they will be detrimentally affected by her incarceration. During sentencing, the Court addressed Defendant's request for a sentence of probation based upon the care required for her son, Brendan Martinez. The Court outlined for counsel, the kind of evidence required to support such a request, and specifically mentioned the importance of any preexisting psychiatric or psychological reports bearing on how Defendant's imprisonment would impact the child. Defendant subsequently filed a Motion to Vacate (#201) which consisted of letters and school district reports—some of which were dated after the hearing, and some as old as 2001—that outlined the child's extensive behavioral problems and learning disabilities.

On, April 7, 2009, the Court issued an Order denying the Motion to Vacate (#212) in which it held that Defendant had failed to present the type of evidence required to support her request as an irreplaceable caretaker. (See also, U.S.S.G. § 5H1.6; United States v. Leon, 341 F.3d 928, 931 (9th Cir. 2003). The Court noted specifically, that the Motion failed to present any report dealing with the specific detrimental impact of Defendant's imprisonment on the child, and that "there is nothing in [the psychiatric report] demonstrating extraordinary circumstances outside the heartland of cases covered by the advisory guidelines, nor has evidence been adduced that Defendant is an irreplaceable caretaker." (#312 at 2.)

Here again, the Court has taken into consideration all documentation related to the behavioral and medical issues facing Ms. Martinez Seldon's children, and again, finds that the record fails to demonstrate the extraordinary circumstances that could merit the relief Defendant seeks. See Rule 35 of the Federal Rules of Criminal Procedure. The Court notes however, that consideration to this aspect of the personal circumstances of the Defendant were taken into consideration in arriving at the sentence ultimately imposed.

Defendant's immediate Motion suggests that she was misled by her prior counsel, and that Defendant wanted to plead guilty but was prevented from doing so. Specifically, Defendant avers that she "was ready and willing to accept a plea bargain and admit the guilt of the charges against

[her]" prior to trial. (#325 at 1.) Unfortunately however, Defendant's realization and her concession of mistake, are too little and too late. Moreover, the instant Motion has not been presented by the Defendant's duly appointed attorney. Pursuant to Local Rule IA 10-6(a) "a party who has appeared by attorney cannot while so represented appear or act in the case." Accordingly, any Motion requesting relief on behalf of Defendant must be filed by counsel, who likewise could present any offer from his client to cooperate with the Government.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Deborah Martinez Seldon's Motion to Stay Order and for Alternative Relief (#325) is **DENIED**.

DATED this 9th day of September 2010

_____
Kent J. Dawson
United States District Judge