# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEBORAH MARTINEZ SELDON,

    Defendant.

Case No. 2:07-CR-00135-KJD-LRL

**ORDER**

    Currently before the Court is Defendant Deborah Martinez Seldon's Renewed Motion for Bail (#355) Pending Resolution of her 18 U.S.C. § 2255 Motion to Vacate. The Government, in response to Petitioner's Motion, filed a Motion to Strike (#348), and Motion to Seal (#351). The Court has reviewed the Government's Motion to Strike (#348), and Motion to Seal (#351) and good cause appearing, hereby grants said Motions (##348, 351). For the reasons stated herein however, Defendant Deborah Martinez Seldon's Motion for Bail (#355) Pending Resolution of her 18 U.S.C. § 2255 Motion is denied.

    On October 20, 2010, Defendant Deborah Martinez Seldon ("Defendant") filed a Motion to Vacate under 18 U.S.C. § 2255. Subsequently, Petitioner filed the instant Motion for Bail, seeking that she be released pending the Court's resolution of said Motion to Vacate. Defendant avers inter alia that there are existing circumstances which make her Motion for Bail "exceptional", including the "extreme problems that [her] children are having, and the alleged conflict of interest of her attorney at trial. (#355 at 5–6.)

**I. Legal Standard**

    Bail pending the resolution of a habeas corpus petition filed in a district court is reserved to "extraordinary cases involving special circumstances" and where there is a high probability of the petitioner's success. United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994)(quoting, Land v.

Deeds, 878 F.2d 318, 318–319 (9th Cir. 1989)).  To succeed, the petitioner must demonstrate that her case is exceptional and especially deserving of such "special treatment" in the interests of justice. See, Aronson v. May, 85 S .Ct. 3, 5 (1964) (Douglas, Circuit Justice, in chambers);  Benson v. California, 328 F.2d 159, 162 (9th Cir.1964).[1]

Here, Petitioner proffers two arguments in support of her Motion.  First, she avers that the extreme problems her children are experiencing in her absence pose exceptional circumstances warranting her release.  Second, Petitioner avers that her habeas motion sets forth sufficient allegations that a conflict of interest existed during her underlying trial proceedings.

The Court is cognizant of the unfortunate circumstances and hardship of Petitioner's children and family, as Petitioner has filed—and the Court has granted—numerous motions for extensions of time and stays of surrender date which allowed Petitioner to make arrangements for her children prior to her time of incarceration.  While sympathetic to Petitioner's situation, the Court finds that by law, the circumstances here do not warrant Petitioner's release.   Specifically, the Court finds that Petitioner's Motion presents neither a high probability of success or the extraordinary circumstances required to merit such relief.  United States v. Mett, 41 F.3d at 1282

Petitioner argues that "[t]here is no question but that there was a conflict of interest in this case" because her trial attorney pursued a weaker defense on her behalf so as not to tarnish her then husband, and co-defendant.  (#335 at 6.)  Additionally Petitioner avers that her trial counsel was "simply too close to [the co-defendant and his counsel] to be conflict free, [and that] his advice was unduly compromised by this relationship, and by any objective standpoint."  (#355 at 7.)   Both here, and in her 18 U.S.C. § 2255 Motion, Petitioner makes allegations of a "pattern of joint representation" and "joint arrangement" between her trial counsel and her co-defendant's trial counsel, and an inappropriate doctor/patient relationship between her counsel and the co-defendant.

---

[1]In addition to the factors listed here, the Court also is required to take into consideration the Petitioner's risk of flight and the danger to the community should she be released.  See, Marino v. Vasquez, 812 F.2d 499, 508–09 (9th Cir. 1987).

Petitioner argues that said allegations are sufficient to demonstrate presumed prejudice against her. See Holloway v. Arkansas, 435 U.S. 475, 490 (1978)(upon showing actual conflict, petitioner need only demonstrate "that some effect on counsel's handling of particular aspects of the trial was 'likely.'")  The Court disagrees.  Nothing in the allegations or trial record show that Petitioner did not choose to pursue the defense strategy taken at trial.  Plaintiff admittedly allowed her husband and co-defendant to pay her defense costs, and was aware of all alleged improprieties prior to or during her trial proceedings.  Now, having been found guilty, she seeks a "second bite at the apple" by alleging there was a conflict of interest.

For these reasons, the Court finds that Petitioner cannot demonstrate a conflict of interest sufficient to warrant the extraordinary relief she now seeks at this time.  Currently, the Court has under its consideration Petitioner's Motion for relief under 18 U.S.C. § 2255 including her complete allegations of conflict, impropriety, and inefficiency of counsel.  The Court will assess the allegations and evidence of Petitioner's claims when the habeas issue is fully briefed, and herein requests that the Government file a responsive pleading to said 18 U.S.C. § 2255 Motion.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Deborah Martinez Seldon's Renewed Motion for Bail (#355) is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Strike (#348), and Motion to Seal (#351) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Government shall file a Response to Petitioner's 18 U.S.C. § 2255 Motion to Vacate (#345) on or before January 31, 2011.

DATED this 14th day of January, 2011.

_____
Kent J. Dawson
United States District Judge