# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEPHEN SELDON, et al.,

    Defendants.

Case No. 2:07-CR-001350KJD-LRL

**ORDER**

    Currently before the Court is Defendant Stephen Seldon's Motion for New Trial and for Order Regarding Any Additional Brady Material (#313) to which Defendant Deborah Martinez Seldon filed a Motion for Joinder (#315). The Government filed a Response in Opposition (#316), to which Stephen Seldon filed a Reply (#322). Additionally before the Court is Plaintiff's Motion to Strike (#329) Defendant's Reply, and Supplemental Response (#339). Also before the Court is Defendant Stephen Seldon's Motion for an Immediate Order or Status Conference (#352).

## I. Background

    This Motion is the fourth post-trial motion filed by Defendants seeking either a new trial or to vacate their convictions following the jury's guilty verdict rendered in November 2008. For the sake of brevity, the Court will not recite the case history, but incorporates its previous citation of the case history in prior orders. (See ## 212, 235, 240, 243, 248, 253, 263, 264, 297, 310, 311, 312, 330, 334, 335.)

    Defendants Stephen Seldon and Deborah Martinez Seldon bring the instant Motion pursuant to Brady v. Maryland, 373 U.S. 83 (1963), averring that the Government failed to disclose evidence which "directly refuted testimony of [the Government's Witness] Chad Livdahl on a "critical element of the Government's proof" at trial, arguing that the Government's failure to disclose an

affidavit made by Livdahl on January 18, 2005, during civil proceedings in the Southern District of Florida seeking to enjoin sales of TRItox, undermines confidence in the outcome of the underlying trial in this Court.  Seldon additionally seeks that the Court order the prosecution to require its agents, and others involved in the investigation of Livdahl's company, TRI, to examine all materials collected in that investigation to determine the existence of additional undisclosed Brady information.  (#313 at 1.)

During the trial of this case, the Government introduced evidence through the testimony of Chad Livdahl, that he sold 132 vials of Botulinum Toxin Type A to the Defendants on January 13 or 14, 2005.   Here, Defendants aver that a sworn affidavit made by Livdhal in the Florida injunction action, was material to the issue of Defendants' guilt here, but was never produced by the Government during discovery.  Specifically, the affidavit at issue states:

> 1) That Livdahl had personal knowledge of the whereabouts of all Botulinum Toxin Type A that was not sold as of the date of the of restraining order issued by the Florida court on December 23, 2004.
>
> 2) That Livdahl made no sales of Botulinum Toxin Type A between December 23, 2004, and January 18, 2005.
>
> 3) That pursuant to the Florida Court's order of January 11, 2005, Chad Livdahl had delivered to an authorized FDA agent all Botulinum Toxin Type A in the possession/control of any and all defendants.

 (#313 Ex. A.)  According to Defendants, the Government's theory at trial was centered upon a chart demonstrating Defendants' patient files and "based upon the assumption that when a patient received a cosmetic toxin, it was TRItox," and that the "primary corroboration for the assumption was Livdahl's testimony that the Seldons had purchased 132 vials of TRItox from Livdahl in mid-January, 2005.  (See #313 at 2.)  Defendants aver that because the affidavit was not produced, "the jury never heard that [Livdahl] had denied that the sale occurred just days after it was supposed to have happened in a sworn statement to the court in Florida." (Id.)  The Defendants argue that this omission is material and prejudicial to them.  The Court does not agree.

**II. Standard of Law**

In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The Supreme Court has additionally noted that the duty to disclose such evidence is applicable even when the defendant has not made a request for it. United States v. Agurs, 427 U.S. 97, 107 (1976). Such evidence is considered to be material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id., at 682; see also Kyles v. Whitley, 514 U.S. 419, 433–434 (1995). The Supreme Court has set forth a three-part test for determining whether the suppression of evidence constitutes a Brady violation: 1) "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching"; 2) "[T]hat evidence must have been suppressed by the State, either willfully or inadvertently"; and 3) "[P]rejudice must have ensued." Strickler, 527 U.S. at 218–282.

**A. Exculpatory or Impeaching**

As stated above, Defendants aver that the affidavit from Livdhal's Florida injunction proceeding is exculpatory and/or impeaching for several reasons. Defendants aver inter alia that the affidavit creates doubt that there was enough toxin available to Livdahl to support the Government's trial theory; that the affidavit corroborates the record on trial that Livdahl's testimony regarding the sale of the vials was false; and that the affidavit demonstrates that Livdhal's testimony was made only to cooperate with the Government so he would get a more lenient sentence.

An examination of the record demonstrates that the Defendants' arguments are unsubstantiated. "Newly discovered evidence to impeach a government witness does not warrant a new trial when the evidence would not have affected the jury's assessment of the witness' credibility and when the witness was subjected to vigorous cross-examination." United States v. Marashi, 913

F.2d 724, 732 (9th Cir. 1990)(citation omitted).  During the trial in this case Livdahl admitted, among other things, that he had given false testimony in the Florida injunction case.  During trial, counsel repeatedly questioned Livdahl about the sale itself, his failure to report the sale to the court in Florida, and what he did with the money from the sale.  (See, e.g., Tr. Day 7, pp. 1618, 1643–45, 1728–35.)  While current counsel may have conducted cross-examination differently, the record demonstrates that Livdahl was thoroughly cross-examined regarding the secret sale of the 132 vials to the Defendants in January 2005, and that the Defendants had ample opportunity to develop evidence (or argue inferences) that the sale did not occur.  The Court finds that additional evidence to this effect, or further impeaching Livdahl regarding the subject, would be cumulative and immaterial.

     At trial is was established that Livdahl was currently serving a nine-year prison sentence for his role in creating and distributing TRItox.  (TR. Day 6 p, 1471.)  It was established that Livdahl told a series of lies, while under oath, in Federal Court in Florida, relating to his marketing of TRItox and its use on humans, and for which he was charged with perjury.  (TR. Day 6. 1553–56).  Livdahl admitted on the stand that he had testified in another case against a physician and had cooperated with government investigators in the hope of receiving a reduction in his sentence.  It was also established that Livdahl surreptitiously made changes to the Defendants' computer system to erase reference to Botox procedures.  (TR. Day 6, p. 1560–65.)  Additionally, Livdahl admitted under oath that he had violated the Florida District Court's order not to dispose of any additional vials of TRItox, by selling the 132 vials of TRItox to the Defendants in January 2005.   (TR. Day 7, p. 1591.)  Thus, any dissonance alleged to arise from the affidavit at issue is repetitious of Livdahl's admissions of perjury regarding the topic at trial and would not have affected the jury verdict. (#316 at 11.)  Livdahl's proclivity for dishonesty was firmly established and he was thoroughly impeached during trial.[1]

---

[1] Moreover, the Court notes that the affidavit at issue would not likely have affected the jury verdict because the inculpatory aspects of Livdahl's testimony were corroborated by additional evidence such as Deborah Seldon's

4

**B. Suppression**

As stated above, under Brady, the Plaintiff must demonstrate that the Government "suppressed" evidence. The Ninth Circuit has held that there is no Brady violation where defendants had "all the information necessary for [them] to discover the alleged Brady material on their own." United States v. Bracy, 67 F.3d 1421, 1428–29 (9th Cir. 1995). Additionally, the Ninth Circuit has found that when,"a defendant has enough information to be able to ascertain the supposed Brady material on his own, there is no suppression by the government." United States v. Aichele, 941 F.2d 761 (9th Cir. 1991)(citing United States v. Dupuy, 760 F.2d 1492, 1501 n. 5 (9th Cir. 1985). "Where defendants . . . had within their knowledge the information by which they could have ascertained the supposed Brady material, there is no suppression by the government." Id. (citing United States v. Griggs, 7813 F.2d 672, 674 (11th Cir. 1983)).

The January 2005 affidavit at issue here was filed in the course of civil litigation in which the United States Attorney in the Southern District of Florida sought to enjoin further sales of the TRItox product. The pleading to which the affidavit is appended bears the case number 0:04-cv-61717-JIC, and is publically available on the federal court's electronic docketing system website. Defendant buttresses its suppression claim by arguing that because the Government ordered and provided transcripts of Livdahl's trial testimony—not available on the court's electronic docket—to Defendants' counsel prior to the underlying trial, yet neglected to provide a copy of Lidvahl's affidavit, they purposely suppressed the document. (See #322 at n. 2.) The Court disagrees. The Government avers that it did not purposefully suppress the affidavit, and states that "it is not now, nor has it ever been in possession of the January 2005 affidavit." (#316 at 4.) Moreover, the trial transcript here demonstrates that Defendants were unmistakably aware of the injunctive proceeding

---

Southwest Airline tickets purchased on the day of her travel to meet Livdahl in Arizona and extrinsic evidence supporting Livdahl's claim that he made changes to Defendants' computer system, and helped the Defendants peel the labels off of the TRItox vials he sold to them.

5

against Livdahl in Florida, and even used material from the case to impeach Livdahl during cross-examination.  (Tr. Day 7, pp. 1618, 1643–45.)   The Government's disclosure provided all the information necessary for the Defendants to discover the alleged Brady material.

Moreover, Defendants cannot state unequivocally that Livdahl's affidavit was not provided or available to them prior to trial.  Rather, the instant Motion states that after examination of discovery and consultation with trial counsel "to the best of counsel's knowledge and belief" the affidavit was not provided.  (#313 at 2.)  The Court is keenly aware that both Defendants have been represented by various attorneys since the trial of this matter, and that allegations of ineffective assistance of counsel, misconduct, and conflict of interest have been alleged against trial counsel.  Without weighing in on any allegations that have been made against Defendants' counsel at trial, that said counsel cannot unequivocally state that the affidavit was not made available to them, weighs against a finding of suppression.

For the reasons stated above, the Court finds that the Government did not suppress any evidence favorable to Defendants warranting a new trial.  See United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991).

**C. Prejudice**

As touched upon above, evidence is material only "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  United States v. Bagley, 473 U.S. 667, 682 (1985).  When making a Brady determination regarding prejudice, the court must analyze the withheld evidence "in the context of the entire record."  United States v. Agurs, 427 U.S. 97, 112 (1976).  The Court may find a reasonable probability that the result of the proceeding would have been different even if the remaining evidence would have been sufficient to convict the defendant.  Strickler v. Greene, 527 U.S. 263, 290 (1999).  Additionally, the court may find a reasonable probability without finding that the outcome would more likely than not have been different.  See Kyles v. Whitley, 514 U.S. at 434.  Rather, "[a]

'reasonable probability' of a different result [exists] when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" Id. (quoting Bagley, 473 U.S. at 678).

Because the materiality of suppressed evidence is "considered collectively, not item by item", Kyles v. Whitley, 514 U.S. at 436, here, the Court evaluates the "net effect" of all evidence regarding Livdahl's testimony and the alleged sale of the 132 vials of TRItox to the Defendants in making its suppression consideration. When considered together with all evidence presented during the underlying trial, the information contained in Livdahl's Florida affidavit does not undermine the outcome of the jury verdict. Accordingly, the Court finds that Defendants did not suffer prejudice due to the Government's failure to disclose the affidavit, and the Court finds that the three-part test for determining whether the alleged suppression of evidence constitutes a Brady violation has not been met. In fact, there is no evidence that the affidavit was withheld or suppressed by the prosecution.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant Stephen Seldon's Motion for New Trial and for Order Regarding Any Additional Brady Material (#313) and Defendant Deborah Martinez Seldon's Motion for Joinder (#315) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Stephen Seldon's Motion for an Immediate Order or Status Conference (#352) is **DENIED** at moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#329) is **DENIED**.

DATED this 12th day of January, 2011.

_____
Kent J. Dawson
United States District Judge